Paul L. Cotton, Plaintiff-Appellee, v. Louisville and Nashville Railroad Company, Defendant-Appellant.

Term No. 57–M–5.

Fourth District.

October 2, 1957.

Rehearing denied November 5, 1957.

Released for publication November 6, 1957.

Baltz & Guymon, of Belleville, for defendant-appellant.

Dan McGlynn, McGlynn & McGlynn of East St. Louis (Edward J. Murphy, of counsel) for plaintiff-appellee.

JUDGE BARDENS delivered the opinion of the court.

This is an appeal from a $75,000 judgment rendered on a jury's verdict in the City Court of East St. Louis in a personal injury action under the F. E. L. A., 45 U. S. C. A. Sec. 51 et seq., and the Federal Safety Appliance Act. The trial court denied defendant's motion to dismiss the action on the doctrine of forum non conveniens. This ruling together with alleged errors in the trial form the basis of defendant's appeal.

██ ██ Plaintiff, a resident of Kentucky, was injured while releasing the brakes on a freight car in defendant's yards in Covington, Kentucky. He was taken to a hospital where his condition was ultimately concluded to be an injury to a disc in the lower lumbar area of the back. This injury was felt to be permanent and to prevent plaintiff from returning to his duties as switchman. Plaintiff was 38 years old and earned approximately $4,700 in 1954. This in substance was the case made against defendant in testimony by plaintiff and four medical witnesses. Though there was evidence contradictory to plaintiff's version of how the injury was sustained and evidence that plaintiff was hospitalized for a similar back condition six months previously, it is clear from all the evidence that there was an evidentiary basis for the findings of the jury on liability and damages. This being the test by which F. E. L. A. cases are reviewed in our courts, Bowman v. Illinois Cent. R. Co., 11 Ill.2d 186, 142 N.E.2d 104, Pennell v. Baltimore & O. R. R. Co., 13 Ill.App.2d 433,

54

142 N.E.2d 497, the judgment must be affirmed unless the court erred in ruling on defendant's motion to dismiss based on the doctrine of forum non conveniens.

Defendant's motion alleged the following: that plaintiff resided in Covington, Kentucky, the site of the accident; that defendant, a Kentucky corporation, intends to present the testimony of eight persons, all of whom live at or near Covington, Kentucky, 338 miles from East St. Louis; that defendant intends to present testimony of three doctors, along with hospital records, the doctors living in Covington or Cincinnati, Ohio; that in order to properly present its defenses, defendant would be required to bring to East St. Louis its occurrence witnesses and they will, in all probability, be away from home a minimum total of five days each; and that additional expenses in excess of $2,000 will be incurred by trying the case in East St. Louis rather than in Covington or Cincinnati. Plaintiff answered said motion and affidavits and counter-affidavits were filed. After hearing argument on the motion the trial court denied it.

██ The application of the doctrine of forum non conveniens to F. E. L. A. cases was recently discussed by this court in Peterie v. Thompson, 10 Ill.App.2d 100, 134 N.E.2d 534. Implicit in that discussion is recognition of the fact that the trial court's ruling on such motion, as in other matters ruled upon, should not be disturbed unless clearly an abuse of discretion. A trial judge is in the best position to weigh the impact on local courts and the community at large of granting hearing to imported matters and to weigh and compare the incovenience to defendant with the inconvenience to plaintiff of granting the motion. In F. E. L. A. cases, the trial court must also give full consideration to the venue provisions of the Act. (For a discussion of the rights of employee-litigants under

Paragraph 6 of the F. E. L. A. see Pope v. Atlantic Coast Line R. Co., 345 U. S. 379, 97 L. Ed. 1094.)

The trial judge, therefore, should be allowed a large discretion in determining which actions shall be given access to local courts. On examination of the instant case, we find no abuse of such discretion. This conclusion is fortified by the fact that at the actual trial defendant's evidence consisted of testimony by only four non-resident witnesses, three of whom were employees. Only the medical witness testified in person. Therefore, the inconvenience and expense to defendant of trying the case in East St. Louis was limited to the cost of bringing their doctor from Covington for one day and the use of depositions in the case of the three employee witnesses. On the other hand, the fact that the attorneys for both parties and plaintiff's four medical witnesses were from the East St. Louis area was a matter entitled to consideration by the trial judge. It must be observed, therefore, that defendant's inconvenience was less than it anticipated, and, in the light of all of the facts could not have justified the thwarting of plaintiff's right, given Congressional sanction in Sec. 6 of the F. E. L. A., to seek out a forum for the filing of suit which held the promise of greatest success.

We have considered the alleged errors occurring in the course of trial and find in them no grounds for reversing the judgment.

Judgment affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.